SALILO of Fagaalu, Plaintiff

v.

SOLINUU of Fagaalu, Defendant

No. 37-1947

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Fano" of Fagaalu]

October 1, 1947

ARTHUR A. MORROW, *Chief Justice;* PULETU, *District Judge;* and MULI, *District Judge.*

DECISION

Heard at Fagatogo, September 24, 1947.
Counsel for Salilo, Sipai and Faatiliga; for Solinuu, Lutu.

MORROW, *Chief Justice.*

The Fano title of Fagaalu being vacant due to the death of Fano Sailiata, Solinuu filed her application on September 25, 1946 to be registered as the Fano. Two days later Salilo filed his objection to such proposed registration and became a candidate for the name.

Section 926 of the A. S. Code prescribing the "Eligibility Requirements for Matai Title" reads as follows:

"No person not having all the following qualifications shall be eligible to succeed to any Matai title.

(a) Must be at least three-quarters Samoan blood.

(b) Must have resided continuously within the limits of American Samoa for five years either immediately preceding the vacancy of the title, or before he becomes eligible for the title.

(c) Must live with Samoans as a Samoan.

(d) Must be a descendant of a Samoan family and chosen by his family for the title.

(e) Must have been born on American soil, except persons born of parents of Samoan blood who are (1) inhabitants of American Samoa (2) but temporarily residing outside of American Samoa or engaged in foreign travel at date of birth of such child and (3) whose matai at any time within 13 years after the birth aforementioned files with the Registrar of Titles a sworn declaration that such child born outside of American Samoa now resides in American Samoa and desires such child to be an inhabitant of American Samoa."

Counsel for the objector Salilo seemed to be under the impression that a woman was not eligible to become a matai. It should be noted that the above-quoted Sec. 926 does not prescribe that a matai shall be a man. This court does not make the law. It takes the law as it finds it in the Code, ascertains the facts from the evidence, applies the law to the facts and reaches its decision.

The evidence shows clearly that both candidates meet the requirements of Sec. 926 and are therefore eligible to succeed to a matai title.

Section 933 of the A. S. Code provides that:

"In the trial of Matai name cases, the High Court shall be guided by the following in the priority listed:

1. The wish of the majority or plurality of the family.

2. The forcefulness, character, personality and capacity for leadership of the candidate.

3. The best hereditary right in which the male and female de-

scendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail.

4. The value of the holder of the Matai name to the Government of American Samoa."

We shall now take up the matters which Sec. 933 requires the court to consider in determining which candidate is entitled to register a matai title.

Solinuu filed a petition with the court in support of her candidacy. It was signed by 158 persons purporting to be members of the Fano family. Salilo claimed that 74 of the signers were not such members. Salilo's petition was signed by 44 persons, 7 of whom were claimed by Solinuu not to be Fano family members.

In view of the conflict in the testimony with respect to the above 74 persons, we do not believe that all of them are non-Fano people. However, if it be conceded for the sake of argument that such 74 are not members of the Fano family and that the objection by Solinuu to the 7 on Salilo's petition is ill-founded, the undisputed fact remains that almost twice as many members of the family wish Solinuu to be the matai as wish Salilo. It follows therefore, that Solinuu prevails over Salilo on the issue of "The wish of the majority or plurality of the family."

Solinuu has an income of $75.00 per month from her work in the mercantile establishment of her husband. Her monthly income from other sources is about $90.00. During the year 1947 Salilo, according to his own testimony, has had an income of only $5.00, and that from the sale of fish caught during June. Many Samoans sell taro, bananas, papayas, coconuts and other products of their plantations. Salilo sells nothing of this kind. He makes no mats or Samoan curios for sale to the Department of Native Industry. He has coconut plantations. Instead of producing copra from the nuts, he lets them rot. A good leader must set

a good example to the people he seeks to lead. That is the first principle of good leadership. The Fano family is large. It is to the interest of the Government that it have a matai qualified to handle the affairs of the family. The Court observed both candidates at the hearing. We are convinced that Solinuu prevails over Salilo on the issue of "forcefulness, character, personality and capacity for leadership."

The evidence showed that Salilo is the son of Fano Sailiata who descended from Fano Faagai through the female line. Solinuu is the daughter of Fano Tui who was the son of Fano Faagai. Each candidate has fifty per cent Fano blood. In view of the evidence on the issue of hereditary right, we cannot say that Salilo's hereditary right is superior to that of Solinuu. We think the candidates stand on an equal footing with respect to this issue.

This Court said in the case of *Fagafa of Alofau v. Siuea of Sailele*, No. 24-1947, "The value of the holder of a matai name to the Government of American Samoa depends mostly upon the care and skill with which he looks after the affairs of his family." We are convinced in view of Solinuu's capacity for leadership, her age, experience and the standing she has in her family because of her many acts of kindness over the years, that she prevails over Salilo on the issue of the "value of the holder of the Matai name to the Government of American Samoa." Furthermore, Solinuu has an income of more than $150.00 per month. Salilo has had an income of only $5.00 during 1947. It is obvious that Solinuu is in a much better position to look after the needs of a family member than is Salilo. This factor is an important one to the Government.

In view of our conclusion that Solinuu prevails over Salilo on the first, second and fourth issues and stands on the same footing as Salilo with respect to the issue of heredi-

tary right, the law requires the court to award the title Fano to candidate Solinuu.

Accordingly, the Registrar of Titles will be advised to register Solinuu as the holder of the Matai name Fano of Fagaalu.

Costs in the sum of $25.00 are hereby assessed against Salilo, the same to be paid within 20 days.